```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION
```

RHONDA LOGAN,                       §
                                    §
     Plaintiff,                     §
                                    §
vs.                                 §   Civil Action No. H-04-4178
                                    §
R. JAMES NICHOLSON, SECRETARY       §
OF VETERANS AFFAIRS,                §
                                    §
     Defendant.                     §

**ORDER**

On July 3, 2006, Plaintiff filed a motion for rehearing on the grounds that she had not received a notice of entry of judgment and that the court's memorandum opinion dismissing her Rehabilitation Act claims was not supported by case law. Plaintiff also requested leave to amend her pleadings in light of the court's opinion.

The court denied Plaintiff's motion for rehearing and entered an order requiring Plaintiff to advise the court, within five days, of the nature of her remaining claims. See Docket Entry No. 41. Instead, Plaintiff filed a Second Amended Complaint without leave of court. Docket Entry No. 42. The court notes that Plaintiff filed a First Amended Complaint without leave of court on July 3, 2006. Docket Entry No. 37. Under the present scheduling order, the deadline for filing amended pleadings was June 30, 2006. Docket Entry No. 31.

Because this is a consolidated case, the live pleadings are Plaintiff's First Amended Complaint and Jury Demand, Docket Entry

No. 4, filed in Civil Action H-04-4178, and Docket Entry No. 1, filed in H-05-3635.

In H-04-4178, Plaintiff, a federal employee, claimed that she was discriminated against on the basis of a disability and her sex when she was denied administrative leave, written up for a dress code violation and denied a reasonable accommodation for her disability.  Plaintiff also made claims for intentional infliction of emotional distress ("IIED"), invasion of privacy, and negligent supervision arising out of the same events.  In H-05-3635, Plaintiff claimed disparate treatment on the basis of her sex and disability when she was denied a reasonable accommodation for her disability, when she was denied administrative leave, when she was disciplined for a dress code violation, and when she was subjected to a hostile work environment in team meetings.  Plaintiff also made claims for IIED, invasion of privacy, and negligent supervision arising out of the same events.  Plaintiff sought exemplary damages in both cases.

In its May 30, 2006 Memorandum Opinion, the court found that Plaintiff's claims of disability discrimination failed because she did not meet the definition of a person with a disability under the Rehabilitation Act.  See Docket Entry No. 36.  Although Plaintiff now appears to complain that the court was premature in ruling on the Defendant's motion for summary judgment, Plaintiff neither sought a continuance to conduct discovery nor responded to the

court's explicit invitation to further brief the nature of her disability as explained below.

At a hearing on April 5, 2006, the court expressed concern that the pending motion for summary judgment and the response thereto were based exclusively on the administrative hearing and investigative affidavits. See Docket Entry No. 43, "Transcript of Status Conference, April 5, 2006." The court warned that it did not intend to issue an advisory ruling on the pending motion for summary judgment and then allow the parties to conduct discovery afterwards if one was unsatisfied with the outcome. Id. at 7. Plaintiff's counsel stated, "[W]e agreed that we would use the discovery. . . that we had at the Administrative Law Judge's trial." Id. at 8.

The court also expressed concern that, while it appeared undisputed that Plaintiff suffered from a bipolar disorder, the impact of that disorder on a major life activity was not fully explained. The court specifically asked, "In what major life activity is your client severely restricted?" Id. at 25. Plaintiff's counsel responded, "I think it only requires one life activity to be restricted. And her life activity was more restricted because she couldn't socialize." Id. Plaintiff's counsel acknowledged that his response to Defendant's motion for summary judgment did not cite any case law supportive of this argument. The court allowed Plaintiff additional time to brief

3

this issue.  Id. at 27.  Plaintiff failed to take advantage of this opportunity.

Consequently, the court relied on the pleadings and summary judgment material which argued that Plaintiff's significant limitation in a major life activity was "her inability to function in large groups and to socialize."[1]  The court found that Plaintiff had not met the definition of a person having a disability under the Rehabilitation Act and dismissed her claims arising under that Act.

In Plaintiff's proposed Second Amended Complaint, she again fails to allege all elements of a claim of employment discrimination under the Rehabilitation Act.  Since information concerning Plaintiff's limitations in a major life activity is information exclusively within the knowledge of Plaintiff, Plaintiff's newly-raised argument that summary judgment was "premature" because the parties had not engaged in discovery is simply incorrect; Plaintiff always had the ability to file an affidavit opposing summary judgment which addressed her

---

[1] Plaintiff's Response to Motion for Summary Judgment, Docket Entry No. 21, p. 9.  Plaintiff's First Amended Complaint, Docket Entry No. 4, failed to allege any limitation to a major life activity.  In Plaintiff's Motion for Rehearing, Plaintiff argued that there was testimony at the administrative hearing that Plaintiff had given her mother power of attorney over her finances.  Docket Entry No. 38, p. 2.  The transcript of the hearing reveals that she did this beginning in September 2001 because she was spending too much money and had previously filed for bankruptcy years earlier.  See Exhibits to Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 22, "Testimony of Rhonda Logan," pp. 160-162.  Plaintiff has failed to offer any expert testimony that overspending one's budget is either a limitation of a major life activity, or related to her ability to perform her job.  Accordingly, the court does not consider it as such.

limitations, as the court expressly invited her to do. As Plaintiff's proposed complaint does not cure any defects of her Rehabilitation Act claims, an amendment would be futile.

At the April 5, 2006 hearing, Plaintiff's counsel conceded that his client was no longer seeking relief for negligent supervision, invasion of privacy, or IIED. However, Plaintiff has not moved to voluntarily dismiss those claims and they remain pending. Because the case law discussed below requires a finding that those claims are preempted by federal law, they must be dismissed.

In Pfau v. Reed, 125 F.3d 927 (5th Cir. 1997), vacated by 525 U.S. 801, reinstated in part upon remand, 167 F.3d 228 (1999),[2] a female plaintiff brought a complaint under Title VII, alleging sexual harassment in her workplace, as well as charges of retaliation by her employer, the Defense Contract Audit Agency ("DCAA"). Id. at 931. She also brought state law IIED claims against both her supervisor, in his individual and official capacities, and the Director of the DCAA. Id. The district court granted the defendants' motion to dismiss, and Pfau appealed the decision, asserting that the district court was in error in dismissing her IIED claims. Id. at 931-32.

---

[2] Upon remand from the Supreme Court, the Fifth Circuit reinstated the portion of its vacated opinion that concerns the issues before this court, i.e., the preemptive effect of Title VII on a claimant's accompanying state law claims. See Pfau, 167 F.3d at 229.

On appeal, the Fifth Circuit initially noted that Title VII provides the "'exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination.'" Id. (citing Brown v. Gen. Servs. Admin., 425 U.S. 820, 829 (1976)). With this directive in mind, the Court concluded that Pfau's IIED claims were preempted by the provisions in Title VII. Id. at 932. In making this determination, the Court held:

> We have interpreted the Supreme Court's mandate in Brown to mean that, when a complainant against a federal employer relies on the same facts to establish a Title VII claim and a non-Title VII claim, the non-Title VII claim is "not sufficiently distinct to avoid" preemption.

Id. (citing Rowe v. Sullivan, 967 F.2d 186, 189 (5th Cir. 1992)).

Like the situation in Pfau, Plaintiff's state law claims are predicated on the same facts as her Title VII claims and must be dismissed.

Plaintiff is not statutorily entitled to recover exemplary damages on her Title VII claims.  The Civil Rights Act of 1991, which amended Title VII, expressly precludes a Title VII plaintiff from recovering punitive damages against governments, government agencies, and political subdivisions.  42 U.S.C. § 1981a(b)(1); Oden v. Oktibbeha County, 246 F.3d 458, 466 (5th Cir. 2001).  It is undisputed that the Veterans Administration is part of the executive branch of the United States of America.  Plaintiff's claims for punitive damages must be dismissed. 42 U.S.C. § 1981a(b)(1).

Plaintiff has not shown good cause to file an amended complaint out of time and without leave of court. For the reasons discussed above, any amendment would be futile. Accordingly, Docket Entry Nos. 37 and 42 are **STRICKEN**. Plaintiff's claims for IIED, invasion of privacy, and negligent supervision are **DISMISSED.**

The only claims remaining in this consolidated action are Plaintiff's Title VII claims for discrimination, both for disparate treatment and hostile work environment, on the basis of sex, to the extent that those claims have been administratively exhausted. The scheduling order entered April 5, 2006, governs the deadlines for those claims.

SIGNED this 2nd day of August, 2006, in Houston, Texas.

_____
Nancy K. Johnson
United States Magistrate Judge